## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARVIN CRAVEN, | |
| Plaintiff, | Civil Action No.: |
| v. | |
| ALPHA OMEGA CONSTRUCTION GROUP, INC. | |
| Defendant. | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Marvin Craven (hereinafter "Plaintiff Craven"), and files this, his Complaint for Damages against Defendant Alpha Omega Construction Group, Inc. (hereinafter "Defendant Alpha Omega"), showing the Court the following:

## INTRODUCTION

### 1.

Plaintiff Craven was a field supervisor for Defendant Alpha Omega who after years of conservative treatment needed a full replacement of his left knee. In December 2019, Plaintiff Craven informed his managers of his need for a short-term leave from work following the surgery, and proposed other post-surgery accommodations that would allow him to perform the essential job functions of his job, including working from home on the services side of the business (which was

understaffed), and returning to the field while adhering to post-surgical restrictions that did not impact the essential job functions.  After initially agreeing to allow leave, on February 14, 2020, Defendant Alpha Omega changed course, denied the leave, and terminated Plaintiff's employment for no reason except for the Plaintiff's injury and need for accommodations.  Defendant Alpha Omega refused to engage in the interactive process, denied his reasonable accommodation requests in violation of the ADA, and terminated Plaintiff Craven's employment in violation of the ADA.

## **THE PARTIES**

2.

Plaintiff Craven is a former employee of Defendant Alpha Omega that always received positive evaluations during his employment. He is a citizen of the State of Georgia who resides at 5434 Riverchase Drive, Flowery Branch, Georgia 30542.

3.

Defendant Alpha Omega is a commercial and residential roofing and siding company with offices in Georgia, North Carolina, and South Carolina. Defendant Alpha Omega employs more than fifteen people. Defendant Alpha Omega may be served via its registered agent, Mahamood Al-Hassan, at 2170 Brandon Trail, Suite B, Alpharetta, Georgia, 30004.

2

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the ADA.

5.

Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Alpha Omega is located in this judicial district and the events giving rise to the claims herein arose in this judicial district.

6.

This Court has personal jurisdiction over Defendant Alpha Omega because it has offices and other locations in this district and transacts significant business in this district.

7.

All conditions precedent to the institution of this suit have been fulfilled. On February 19, 2020, Plaintiff Craven timely filed a charge with the Equal Employment Opportunity Commission, Charge No. 410-2020-03924. The Notice of Right to Sue was mailed on May 27, 2019. This action has been filed within ninety days of receipt of said Notice.

## FACTUAL ALLEGATIONS

8.

Plaintiff Craven is a 52-year-old former field supervisor for Defendant Alpha Omega.

9.

Defendant Alpha Omega hired Plaintiff Craven on April 11, 2016. Plaintiff Craven originally worked at Defendant Alpha Omega's Raleigh division. Due to his good performance, Defendant Alpha Omega transferred Plaintiff Craven to its Atlanta division in December 2018.

10.

For years, including when Plaintiff Craven worked in the Raleigh division, Plaintiff Craven had a left knee problem (ligamentous injury) that was being treated with intraarticular corticosteroid injections and visco supplement injections. Plaintiff Craven's orthopedist recommended a total knee replacement, but Plaintiff Craven delayed the surgery so that he would not have to take time off work.

11.

Eventually the effectiveness of the injections decreased and the stability of Plaintiff Craven's knee became so poor that his orthopedist was surprised that he continued to walk on the knee. Plaintiff continued to work full time and satisfactorily performed the essential job functions of his job.

4

12.

By November 2019, Plaintiff Craven's left knee symptoms were impacting both his left and right hips.   By November 2019, Plaintiff Craven was not able to climb a ladder or tolerate prolonged standing.  Plaintiff continued to work full time and satisfactorily performed the essential job functions of his job.

13.

After performing an MRI, Plaintiff Craven's orthopedist again recommended a full knee replacement.  In December 2019, Plaintiff informed his managers of his upcoming knee replacement and need for four weeks off. The managers that he informed included Jivier Ruiz-Villegas, Vice President Stuart Greifinger, and Chief Operating Officer Chris Stafford.

14.

Defendant Alpha Omega initially approved Plaintiff's leave request.

15.

When Plaintiff received his scheduled surgery date, Plaintiff Craven communicated with Shavon Bell the human resources manager and Michele Newman in payroll.

16.

In January 2020, Plaintiff exchanged multiple emails with human resources regarding his upcoming surgery and preparations for the same, such as the importance of keeping his health insurance.

17.

As a part of his preparation efforts, Plaintiff Craven coordinated with Defendant Alpha Omega's employees to set-up short term disability benefits. Plaintiff Craven also doubled the healthcare deductions from his January and February paychecks to pre-pay the health insurance premiums during his leave.

18.

After months of open communication about his leave, on February 14, 2020, when Plaintiff Craven's surgery was only ten days away, Defendant Alpha Omega starkly changed course.

19.

During a conference call Defendant Alpha Omega's human resources manager, Shavon Bell, informed Plaintiff Craven that his leave had been denied. Ms. Bell stated that the Atlanta branch "did not have fifty employees in a seventy-five-mile radius and so the company could deny his FMLA".

20.

On February 14, 2020, Defendant Alpha Omega mistakenly believed that Plaintiff Craven requested three months of leave. Plaintiff had not requested three months of leave. Plaintiff Craven attempted to resolve this confusion by submitting a written request for a leave accommodation for only five (5) weeks, February 24, 2020 - March 30, 2020 along with supporting documentation from his physician returning him to work on March 30, 2020.

21.

Defendant Alpha Omega continued to refuse to accommodate.  Defendant Alpha Omega stated that the company did not have backup to perform Plaintiff Craven's work during this short-term leave.

22.

This was false. Upon termination of Plaintiff Craven's employment, Defendant Alpha Omega brought someone in from corporate for a few weeks to cover.

23.

Plaintiff Craven also offered to work from home on a short-term basis, but Defendant Alpha Omega refused.  Plaintiff Craven had a laptop that allowed him to remotely access the company's portals.

24.

From home, Plaintiff Craven could have performed tasks related to the service-end of Defendant Alpha Omega's business such as scheduling and services. Defendant Alpha Omega had a need for employees to perform tasks on the service end of the business, and Plaintiff Craven was qualified to perform this task.

25.

Defendant Alpha Omega continued to refuse to accommodate Plaintiff Craven.

26.

However, since March 2020, during the COVID-19 outbreak, Alpha Omega employees similarly situated to Plaintiff have worked from home and continued to perform the essential functions of their positions.

27.

Plaintiff continued to work for Defendant Alpha Omega through Friday February 21, 2020. Defendant Alpha Omega terminated Plaintiff's employment February 21, 2020.

28.

Plaintiff had his full knee replacement surgery on Monday February 24, 2020.

29.

Two to three days after his surgery Plaintiff Craven started physical therapy. Within six to eight weeks of his surgery, Plaintiff Craven was capable of performing light duty work that would have allowed him to perform all essential functions of his field operator position. Much of the Plaintiff's time performing the job included the ability to drive throughout the territory from Dawsonville to Smyrna to Newnan to Athens. Given such a large territory, approximately six hours a day is spent driving in the truck. Plaintiff would have been able to perform this and other aspects of the job within weeks after his surgery.

## COUNT ONE: ADA DISCRIMINATORY DISCHARGE

30.

Plaintiff Craven incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

31.

At all times relevant hereto, Plaintiff Craven had a disability or was regarded as disabled by Defendant Alpha Omega. 29 C.F.R. 1630.2(g).

32.

At all times relevant hereto, Plaintiff Craven had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, and lifting, pursuant to 42 U.S.C. 12102(2)(A)

and 29 CFR 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as the neurological and musculoskeletal functions.

33.

Plaintiff Craven was at all relevant times qualified for his position and able to perform all of the essential functions of this position with or without a reasonable accommodation(s).

34.

Defendant Alpha Omega terminated Plaintiff Craven's employment because of his disability and/or because it regarded him as disabled.

35.

As a direct result of Defendant Alpha Omega's termination of Plaintiff Craven's employment, Plaintiff Craven has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## COUNT TWO: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

36.

Plaintiff Craven incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

37.

At all times relevant herein, Plaintiff Craven had a disability or was regarded as disabled by Defendant Alpha Omega. 29 C.F.R. 1630.2(g).

38.

At all times relevant herein, Plaintiff Craven had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, and lifting, pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as the neurological and musculoskeletal functions.

39.

Plaintiff Craven was at all relevant times qualified for his position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

40.

Despite Plaintiff Craven's requests for reasonable accommodations of short-term leave, temporarily working from home, and working modified duty within his restrictions, Defendant Alpha Omega discriminated against the qualified Plaintiff Craven by failing to provide reasonable accommodations during his employment.

41.

Defendant Alpha Omega failed to provide Plaintiff Craven with the reasonable accommodation of leave from February 24, 2020 to March 30, 2020 and further violated the ADA by terminating him because of his disability after failing to provide this leave. Had Defendant Alpha Omega given Plaintiff Craven the requested accommodation of leave, this leave would have allowed Plaintiff Craven to return and perform the essential functions of his job (to the extent he was not able to perform this at the time of his termination).

42.

Defendant Alpha Omega failed to provide Plaintiff Craven with the reasonable accommodation of working from home on the services side of the business on a temporary basis. Had Defendant Alpha Omega given Plaintiff Craven the requested accommodation of reassigning him to the services side of the business and working from home on a short-term basis, Plaintiff Craven could have performed the essential functions of the reassigned position.

43.

Defendant Alpha Omega failed to provide Plaintiff Craven of the reasonable accommodation of performing his field supervisor position within his light duty restrictions. Had Defendant Alpha Omega given Plaintiff Craven the requested accommodation of performing the field supervisor position within his restrictions,

Plaintiff Craven could have continued to perform the essential functions of his field supervisor position.

44.

Defendant Alpha Omega failed to engage in an interactive process regarding said accommodations, and said accommodations did not impose an undue hardship on Defendant Alpha Omega's large business. 42 U.S.C. § 12112(b)(5)(A).

45.

As a direct result of Defendant Alpha Omega's refusal to provide Plaintiff Craven with reasonable accommodations, Plaintiff Craven has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Craven respectfully prays this Court grant the following relief:

a.     That Plaintiff Craven have and recover from Defendant Alpha Omega lost back pay and benefits, with prejudgment interest thereon;

b.     That the Court award front pay and benefits in an amount sufficient to compensate him for the loss of future salary and fringe benefits;

c.     That Plaintiff Craven have and recover compensatory damages in an amount to be determined by a jury;

13

d.      That Plaintiff Craven have and recover punitive damages in an amount to be determined by a jury;

e.      That Plaintiff Craven recover his attorneys' fees and costs of litigation pursuant to all applicable federal laws; and

f.      Any and other such further relief this Court or the Finder of Fact deems equitable and just.

**Plaintiff Craven demands a trial by jury.**

This 27th day of July, 2020.

Respectfully submitted,

HILL, KERTSCHER & WHARTON, LLP

By:    /s/ Douglas R. Kertscher
        Douglas R. Kertscher
        Georgia State Bar No. 416265
        Julie Burke
        Georgia State Bar No. 448095
        *Attorneys for Plaintiff*

3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
E-mail:      drk@hkw-law.com

14